**STATE of Missouri, Appellant,**

v.

**Ronald D. KAMPE, Respondent.**

**No. WD 52224.**

Missouri Court of Appeals,
Western District.

Aug. 20, 1996.

Claire McCaskill, Prosecuting Attorney, Kansas City, Tamara I. Putnam, Assistant Prosecuting Attorney, Jackson County, Independence, for appellant.

Patrick B. Starke, Blue Springs, for respondent.

Before ULRICH, C.J., P.J., and BRECKENRIDGE and LOWENSTEIN, JJ.

ULRICH, Chief Judge.

The State of Missouri appeals the dismissal of its criminal prosecution against Ronald Kampe for driving while intoxicated. The sole issue on appeal is whether criminal prosecution for driving while intoxicated in violation of section 577.010, RSMo 1994, and administrative suspension of the driver's license to operate a motor vehicle on the highways of Missouri pursuant to section 302.505, RSMo 1994, for the same act constitutes double jeopardy. The judgment of the trial court is reversed, and the case is remanded for further proceedings.

On July 4, 1995, Mr. Kampe was arrested for driving while intoxicated. As a result of the arrest, the Missouri Department of Revenue suspended Mr. Kampe's driving privileges pursuant to the Missouri Administrative Suspension Law, section 302.505, RSMo 1994, effective September 13, 1995.

On August 25, 1995, Mr. Kampe was charged in the Circuit Court of Jackson County with driving while intoxicated in violation of section 577.010, RSMo 1994. Thereafter, Mr. Kampe filed a motion to dismiss the criminal charges alleging that the prose-

cution violated his constitutional right against double jeopardy. On December 6, 1995, the trial court granted Mr. Kampe's motion to dismiss. This appeal by the State followed.

As its sole point on appeal, the State claims that the trial court erred in dismissing its criminal prosecution against Mr. Kampe for driving while intoxicated. It argues that an administrative revocation or suspension of a driver's license is not punishment, and, therefore, Mr. Kampe was not subjected to double jeopardy for the same offense by the criminal prosecution.

In *State v. Mayo*, 915 S.W.2d 758 (Mo. banc 1996), the Missouri Supreme Court recently addressed the issue of whether civil revocation of an individual's driver's license constitutes punishment that violates the Double Jeopardy Clause in both the United States and Missouri Constitutions when criminal prosecution is also effected for the same act comprising the basis for civil revocation. In concluding that the sanction of a license revocation or suspension under section 302.500, *et seq.*, is not punishment implicating the Double Jeopardy Clause, the Court explained:

> Certainly, a remedial purpose is served by removing from Missouri roadways those persons who have abused their driving privilege by driving under the influence of alcohol. Indeed, we believe that this remedial purpose, safety on the Missouri roadways, is the overarching purpose of the statute.

*Id.* at 762.

The administrative revocation of Mr. Kampe's driver's license was not punishment; therefore, Mr. Kampe was not subjected to double jeopardy for the same offense when the State effected its criminal prosecution. The trial court erred in dismissing the State's criminal prosecution of Mr. Kampe for driving while intoxicated.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

All concur.